UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES KENAN,

                          Plaintiff,

              -against-

JOHN AND JIM DOE; JOHN DOE,

                          Defendants.

25-CV-0098 (LTS)

ORDER DIRECTING PRISONER
AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently a patient at the St. Lawrence Psychiatric Center in Ogdensburg,

New York, and who states that he is incarcerated, brings this action *pro se*. To proceed with a

civil action in this Court, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a

$55.00 administrative fee – or, to request permission to proceed *in forma pauperis* ("IFP"), that

is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See*

28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation

Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the

prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court

without prepayment of fees must therefore also authorize the Court to withdraw these payments

from his account by filing a "prisoner authorization," which directs the facility where the

prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in

installments and to send to this Court certified copies of the prisoner's account statements for the

past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

---

        [1] The $55.00 administrative fee for filing a civil action does not apply to persons granted
IFP status under 28 U.S.C. § 1915.

Plaintiff submitted an IFP application, but he did not submit a prisoner authorization. It is unclear if Plaintiff qualifies as a "prisoner" as that term is defined in the IFP statute.[2]  In his IFP application, Plaintiff states that he is incarcerated, but his response to the question asking for his place of incarceration is illegible. (*See* ECF 2, at 1.) In his complaint, Plaintiff sues correction officers at Rikers Island, suggesting he was in custody of the New York City Department of Correction at some point. He also provides a prisoner identification number of 14A1203 and states that he is incarcerated at Green Haven Correctional Facility, but according to public records maintained by the New York State Department of Corrections and Community Supervision ("DOCCS"), no one under Plaintiff's name or that identification number appears to be incarcerated at Green Haven, or any other DOCCS facility, either currently or in the past.

Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or complete and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 25-CV-0098 (LTS).[3]  If Plaintiff was not a prisoner, as defined under 28 U.S.C. § 1915(h), at the time he filed this action, he is directed to provide an explanation of his status at the time he filed the complaint using the attached declaration form.

---

[2]  The IFP statute defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

[3]  Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new action.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    February 18, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                  Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____
(full name of the plaintiff/petitioner)

-against-

CV _____ ( ) ( )
(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

_____

_____
(full name(s) of the defendant(s)/respondent(s))

## PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1)    because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed _in forma pauperis_ (IFP), that is, without prepayment of fees;

(2)    if I am granted IFP status, the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1)    send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2)    calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

_____        _____
Date                                   Signature

_____
Name (Last, First, MI)                              Prison Identification #

_____
Address                          City                State        Zip Code

_____

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 8/5/15

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                                          Signature

_____        _____

Name                                                        Prison Identification # (if incarcerated)

_____

Address                       City               State        Zip Code

_____        _____

Telephone Number (if available)                             E-mail Address (if available)